IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-54-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| OWEN CLEVELAND WHITLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Raleigh Police Department on an ATF task force, and defendant the testimony of the proposed third-party custodian, defendant's father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 10 March 2011 for possession of a firearm, a .40 caliber handgun, and ammunition by a convicted felon on or about 9 November 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from surveillance of defendant and others on the alleged offense date in a high crime area of Raleigh. Defendant was seen engaging in hand-to-hand interactions with others, which were suggestive of

drug transactions, and putting an object in a tree. Police found the subject firearm in the tree, loaded with 13 rounds of hollow point ammunition. After his arrest, defendant was taken to a hospital because he began sweating and having other reactions to cocaine he had ingested at the scene. Prior to reaching the hospital, he made spontaneous utterances that the gun was his but denied ownership of counterfeit crack cocaine which was being sold at the scene. At the time, defendant had been convicted of multiple felonies.

After being released from the hospital, defendant gave a Mirandized statement in which he again admitted to possession of the gun. He said he had obtained it several months earlier from one of his drug customers for a drug debt.

Defendant was later released on the state charges for the offense conduct. While on release, he removed and had a friend destroy the electronic bracelet placed on defendant as a condition of his release. Defendant eventually turned himself into authorities on the instant charges, but only after failing several times to comply with arrangements that had been made for his surrender.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the firearm, the association of the offense conduct with drug trafficking, and defendant's commission of the alleged offense while on state probation; defendant's criminal record, including six felony convictions for gun and drug offenses, six misdemeanor convictions, three probation revocations, defendant's commission of all his felonies and half his misdemeanors while on probation, and his removal and destruction (through a friend) of the electronic bracelet placed on him as a condition of his release on the underlying state charges;

defendant's history of alcohol and cocaine abuse; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant turned himself in, he did so only after failing to comply with prior promises to surrender and removing and having destroyed his electronic bracelet. Moreover, his criminal history shows that he has a record of extensive noncompliance with probation, a status similar to that of pretrial release. This and other evidence shows that defendant is a risk of flight that no conditions can reasonably address notwithstanding defendant's self-surrender.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 24th day of March 2011.

James E. Gates
United States Magistrate Judge

3